MJM/USAO 2018R00173

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 APR 24  PM 3: 29

CLERK'S OFFICE
AT BALTIMORE
BY_____K_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO. RDB-18-0238 |
| v. | * | |
| | * | (Conspiracy to Commit Wire Fraud, |
| DIOGO MIRANDA ARAUJO, | * | 18 U.S.C. §§1343 & 1349; Possession of |
| LUCAS PIMENTA DIOGO DAS | * | Counterfeit Access Devices, 18 U.S.C. |
| GRAÇAS, a/k/a "Michael Stanford," | * | § 1029(a)(3); Aiding and Abetting, 18 |
| and | * | U.S.C. § 2) |
| VICTOR BRITO, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | *** | |

**INDICTMENT**

**COUNT ONE**
(Wire Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

1.  Defendants **DIOGO MIRANDA ARAUJO ("ARAUJO"), LUCAS PIMENTA DIOGO DAS GRAÇAS, a/k/a "Michael Stanford" ("DAS GRAÇAS"),** and **VICTOR BRITO ("BRITO")** were residents of Florida and citizens of Brazil.

**Manner and Means of the Conspiracy and the Scheme and Artifice to Defraud**

2.  It was part of the conspiracy and scheme and artifice to defraud that, from on or about November 17, 2017, until on or about November 29, 2017, **ARAUJO, DAS GRAÇAS, BRITO**, and persons known and unknown to the Grand Jury, would and did possess and use counterfeit payment cards (credit and/or debit cards) for the purpose of obtaining property by fraud.

3.  It was further part of the conspiracy and scheme and artifice to defraud that

1

ARAUJO, DAS GRAÇAS, BRITO, and persons known and unknown to the Grand Jury, did use or cause interstate wire transmissions to effectuate fraudulent transactions.

4. It was further part of the conspiracy and the scheme and artifice to defraud that, on or about November 17, 2017, **ARAUJO** used a counterfeit payment card to purchase merchandise from a retail establishment located in Springfield, Virginia.

5. It was further part of the conspiracy and the scheme and artifice to defraud that, on or about November 19, 2017, **ARAUJO** possessed approximately 160 counterfeit payment cards, and used multiple counterfeit payment cards to purchase merchandise from retail establishments located in Gaithersburg, Maryland; Annapolis, Maryland; and Columbia, Maryland.

6. It was further part of the conspiracy and the scheme and artifice to defraud that, on or about November 28, 2017, **DAS GRAÇAS** used a counterfeit payment card and/or false identification document in the name of "Michael Stanford" to rent a sport utility vehicle ("SUV") in Norfolk, Virginia.

7. It was further part of the conspiracy and the scheme and artifice to defraud that, on or about November 29, 2017, **DAS GRAÇAS, BRITO**, and a co-conspirator utilized the aforementioned rental SUV to travel from Virginia to Maryland.

8. It was further part of the conspiracy and the scheme and artifice to defraud that, on or about November 29, 2017, **DAS GRAÇAS, BRITO**, and a co-conspirator jointly possessed approximately 185 counterfeit payment cards, and used counterfeit payment cards and/or false identification documents to purchase, or to attempt to purchase, merchandise from a retail establishment in Annapolis, Maryland.

**The Charge**

9. From on or about November 17, 2017, and continuing until on or about November 29, 2017, in the District of Maryland, the Eastern District of Virginia, and elsewhere, the defendants,

**DIOGO MIRANDA ARAUJO,
LUCAS PIMENTA DAS GRAÇAS,
a/k/a "Michael Stanford," and
VICTOR BRITO,**

conspired with others known and unknown to the Grand Jury, to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, businesses and individual victims, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises and, for the purpose of executing the scheme, caused to be transmitted by means of wire communication in interstate and foreign commerce certain signals and sounds, in violation of Title 18, United States Code, Section 1343.

18 U.S.C. §§ 1343 & 1349

## COUNT TWO
### (Possession of Counterfeit Access Devices)

The Grand Jury for the District of Maryland further charges that:

1. The allegations contained in Paragraphs 1 through 8 of Count One are incorporated here.

2. On or about November 19, 2017, in the District of Maryland, the defendant,

**DIOGO MIRANDA ARAUJO,**

did knowingly and with intent to defraud, possess fifteen or more devices which are counterfeit access devices, as defined in Title 18, United States Code, Section 1029(e)(2), said possession affecting interstate and foreign commerce.

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 2

## COUNT THREE
### (Possession of Counterfeit Access Devices)

The Grand Jury for the District of Maryland further charges that:

1. The allegations contained in Paragraphs 1 through 8 of Count One are incorporated here.

2. On or about November 29, 2017, in the District of Maryland, the defendant,

**LUCAS PIMENTA DAS GRAÇAS,**
a/k/a "Michael Stanford," and
**VICTOR BRITO,**

did knowingly and with intent to defraud, possess fifteen or more devices which are counterfeit access devices, as defined in Title 18, United States Code, Section 1029(e)(2), said possession affecting interstate and foreign commerce.

18 U.S.C. § 1029(a)(3)
18 U.S.C. § 2

5

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Upon conviction of the offenses charged in Counts One, Two and Three of this Indictment, the defendants,

**DIOGO MIRANDA ARAUJO,**
**LUCAS PIMENTA DAS GRAÇAS,**
**a/k/a "Michael Stanford," and**
**VICTOR BRITO,**

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, a sum of money equal to the value of the proceeds of the scheme to defraud.

2. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. §§ 981(a)(1)(C)
28 U.S.C. § 2461(c)
Rule 32.2(a), Fed. R. Crim. P.

*Robert K. Hur /nju*
Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED   4·24·18
FOREPERSON           Date

6